IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

RION L. MOLLOY, on behalf of himself
and all other similarly situated persons,

Plaintiffs,

vs.

HOAMBRECKER ENTERPRISES, LLC,
d/b/a The Station,

ALAN K. HOAMBRECKER, and

JANET M. HOAMBRECKER,

Defendants.

Case No. 5:19-CV-6030

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff Rion L. Molloy, by and through his undersigned counsel, and for his Complaint against Hoambrecker Enterprises, LLC, d/b/a The Station (hereinafter "the Station"), Alan K. Hoambrecker, and Janet M. Hoambrecker (hereinafter, collectively, "Defendants") hereby states and alleges as follows:

## NATURE OF THE ACTION

1. The Station is a combination gas station, liquor store, convenience mart, and pizza establishment that operates in Kansas City and Parkville, Missouri. Defendants' policy and practice is to deny minimum wage and overtime pay to its hourly employees. Defendants' deliberate failure to pay its employees their earned wages violates the Fair Labor Standards Act ("FLSA"), as well as Missouri state laws.

2. Plaintiff Rion L. Molloy, and all other similarly situated employees, worked for Defendants and was paid an hourly wage. This lawsuit is brought as a collective action under the FLSA and as a state law class under Rule 23 to recover unpaid wages and related penalties and

damages owed to Plaintiff, and all other similarly situated employees.

**PARTIES**

3. Defendant Hoambrecker Enterprises, LLC, d/b/a The Station is a Missouri limited liability company with its principle place of business at 8050 N. Brighton Avenue, Kansas City Missouri 64119. The Station operates stores at two locations, one at the Brighton Avenue location, and another located at 15399 NW Brink Meyer Road, Parkville, Missouri 64152. The Station can be served through its registered agent: J. Brian Hill, 2900 Brooktree Lane, Suite 100, Gladstone, Missouri 64119.

4. Defendant Alan K. Hoambrecker is a Missouri resident, residing at 14523 NW 74th Street, Kansas City MO 64152. Mr. Hoambrecker was at all relevant times Plaintiff's employer, and, along with Ms. Hoambrecker, made all relevant decisions on pay for hourly employees, controlled the jobs and duties of employees, and was responsible for the policies and procedures governing said employees.

5. Defendant Janet M. Hoambrecker is a Missouri resident, residing at 14523 NW 74th Street, Kansas City MO 64152. Ms. Hoambrecker was at all relevant times Plaintiff's employer, and, along with Mr. Hoambrecker, made all relevant decisions on pay for hourly employees, controlled the jobs and duties of employees, and was responsible for the policies and procedures governing said employees.

6. Plaintiff Rion L. Molloy is a current resident of Parkville, Missouri. Plaintiff was employed by Defendants from approximately July 2016 through January 25, 2019, and was paid on an hourly basis from approximately July 2016 through December 2017, and again in approximately January 2019. Mr. Molloy's consent to join form is attached hereto as **Exhibit 1.**

7. At all relevant times, Defendants have been "employers" within the meaning of the

FLSA and Mo. Rev. Stat. §290.500. At all relevant times, Defendants has employed "employee[s]," including Plaintiff and those persons similarly situated to the Plaintiff as described herein. At all relevant times, Plaintiff and the other members of the class were engaged in commerce and/or worked for Defendants.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et seq.*

9. This Court has supplemental jurisdiction for all claims asserted under the Missouri Minimum Wage Law, as these claims are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative facts, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

10. The United States District Court for the Western District of Missouri has personal jurisdiction because Hoambrecker Enterprises, LLC, d/b/a The Station is a Missouri company, and regularly conduct business within this District, including upon information and belief, hiring, training and employing individuals to operate its stores, and Defendants Alan and Janet Hoambrecker reside in the District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as Defendants conduct business and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in the District.

## FACTUAL ALLEGATIONS

12. Defendants employ individuals to work on an hourly basis at its two Station locations, located in Kansas City and Parkville.

13. Plaintiff, and all other similarly situated persons, were routinely paid based on scheduled hours, rather than actual hours.

14. As a result, Plaintiff, and other similarly situated persons, were not paid minimum wage for all hours worked, and also were not paid overtime for hours worked over forty (40) hours a week.

15. Defendants do not keep accurate time records for the work done by its employees as is required by the FLSA.

16. Defendants' pay practices are in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (hereinafter "FLSA"), and Mo Rev. Stat. § 290.500, *et. seq*.

17. Plaintiff seeks proper compensation for work performed, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

## COLLECTIVE AND CLASS ALLEGATIONS

**FLSA Collective Action.**

18. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

19. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

20. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of paying employees based on their scheduled hours, rather than actual time worked.

4

21. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

**Missouri Rule 23 Class.**

22. Plaintiff Rion L. Molloy, as Missouri Class Representative, brings Counts II – III as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class of persons:

> A Missouri opt out class that includes (1) MMWL claims for "All Station employees were paid on an hourly basis who worked for Alan and Janet Hoambrecker and The Station from March 21, 2016 through the present" and (1) Missouri unjust enrichment/quantum meruit claims for "All Station employees who worked for Alan and Janet Hoambrecker and The Station from March 21, 2014 through the present."

23. The Missouri state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Missouri Class.

24. The classes satisfy the numerosity standards in that each class will be in excess of thirty individuals. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through posting, direct mail and electronic mail.

25. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

    a. Whether all class members were improperly paid based on scheduled hours instead of actual hours

    b. Whether Defendants properly recorded time worked by their employees;

5

c. Whether class members were not paid minimum wage for all hours worked;

d. Whether class members were not paid overtime for hours worked in excess of forty 40);

e. Whether Defendants knew or had reason to know their policies and compensation practices were unlawful, and

f. Whether Defendants retained a benefit from such unlawful policies and compensation practices.

26. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

27. Plaintiff's claims are typical of those of the class because the class members have been paid pursuant to the same compensation structure and were subject to the same or similar unlawful practices as the Plaintiff.

28. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

29. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the members of the classes he seeks to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and undersigned counsel, who have experience in employment and class action lawsuits.

30.     Maintenance of this action as a class action is a fair and efficient method to resolve this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**

31.     Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

32.     At all times material herein, Plaintiff, and all other similarly situated employees, have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

33.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

34.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at the federal minimum wage for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

35.     Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and its employees are engaged in commerce.

36. Plaintiff brings this Complaint pursuant 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as similarly situated employees within three years from the commencement of this action who have not been compensated for their time, who have not been compensated at the proper minimum wage and/or one and one-half times the regular rate of pay for all services performed in excess of forty hours per week and whose hours worked have not been accurately recorded and maintained by Defendants so as to avoid such compensation as aforesaid.

37. Defendants violated the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at the minimum wage and/or proper overtime rate. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by its employees.

38. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. Upon information and belief, this uniform policy, in violation of the FLSA, has been applied to all hourly employees employed by Defendants during the last three years.

39. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

40. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of minimum wage and/or unpaid overtime pay described pursuant

to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay minimum wage and/or overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

41. As a result of the aforesaid willful violations of the FLSA, wages have been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) designation of this action as a collective action on behalf of all similarly situated employees and prompt issuance of notice to all similarly situated employees (the FLSA class), apprising them of the pendency of this action; (2) compensatory damages; (3) liquidated damages; (4) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## COUNT II - <br> FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. § 290.500, *ET. SEQ.*

42. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

43. Plaintiff and the class of other similarly situated employees were employed by Defendants and were paid based on scheduled hours instead of actual hours.

44. As a result, Plaintiff and the class of other similarly situated employees were not paid minimum wage for all hours work, and also were not paid overtime for time worked in excess

of forty (40) hours.

45. Plaintiff and the class of other similarly situated employees were treated as non-exempt employees by the Defendants under the Missouri Wage statutes.

46. During the pertinent time periods, the proper rate of pay under Missouri wage law ranged from $7.65 to $8.60 per hour.

47. The Missouri wage laws require each covered employer, such as Defendants, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

48. These employees are similarly situated in that they are all subject to Defendants' identical compensation policies and plan that fails to lawfully compensate them.

49. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiff because his claims are similar to the claims of the class members.

50. The names and addresses of the class members are available from Defendants. The Defendants failed to compensate Plaintiff and the class members at the proper rate of pay, and therefore, Defendants have violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. 290.500, *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

51. The Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose the class, seeks damages in the amount of all respective unpaid minimum and overtime wages and straight time plus liquidated damages, as provided by the MMWL and such to legal and equitable relief as the Court deems just and proper.

52. The Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose class, seeks recovery of all attorney fees, costs, and expenses of this

action, to be paid by Defendants, as provided by Mo. Rev. Stat. 290.500, *et. seq.*

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, demands judgment against Defendants and prays for: (1) designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT

53. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

54. Defendants have been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendants have been and are being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

55. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

56. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, demands judgment against Defendants and prays for: (1) designation of this action as an action on behalf of

the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

Date: March 21, 2019

Respectfully submitted,

**CRIMMINS LAW FIRM, LLC**

*/s/ Matthew R. Crimmins*
Matthew R. Crimmins, Mo # 53138
Virginia Stevens Crimmins, Mo # 53139
214 S. Spring Street
Independence, Missouri 64050
Telephone: 816-974-7220
Fax: 855-974-7020
m.crimmins@crimminslawfirm.com
v.crimmins@crimminslawfirm.com

**THE MEYERS LAW FIRM, LC**
Heather J. Hardinger, Mo. # 62925
503 One Main Plaza
4435 Main Street
Kansas City, Missouri 64111
Telephone: 816-444-8500
Fax: 816-444-8508
hhardinger@meyerslaw.com

**ATTORNEYS FOR PLAINTIFF AND THE CLASS**