# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RION L. MOLLOY on behalf of himself and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HOAMBRECKER ENTERPRISES, LLC, *et al.*,<br><br>Defendants. | Case No. 5:19-CV-06030-DGK |

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES, AND SERVICE PAYMENT AND RELATED SETTLEMENT DOCUMENTS UNDER SEAL AND INTEGRATED MEMORANDUM IN SUPPORT

COME NOW Defendant Hoambrecker Enterprises, LLC ("The Station") and individually named Defendants Alan Hoambrecker and Janet Hoambrecker (individually named Defendants collectively "Individual Defendants") (all Defendants collectively "Defendants"), by and through their undersigned counsel, and hereby respectfully move this Court for an unopposed order allowing Plaintiff to file Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement, Award of Attorney's Fees, and Service Payment and the separate Memorandum in Support thereof ("Motion for Approval of Settlement") and related settlement documents, including but not limited to the collective action Settlement Agreement and Release of Claims ("Settlement Agreement") between Plaintiff and Defendants and its attachments, under seal. In support of this Motion, the Defendants respectfully state as follows:

1. On or about March 21, 2019, Plaintiff Rion Molloy ("Plaintiff") filed his Complaint ("Complaint") in which he asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Missouri state wage and hour laws, and common law claims for unjust

enrichment and quantum meruit arising out of Defendants' alleged failure to, among other things purportedly pay for all compensable work time, including but not limited to overtime hours, and to purportedly pay minimum wage for all hours worked in connection with hourly workers.

2. On or about May 6, 2019, Defendants timely filed their respective Answers adamantly denying the allegations asserted in Plaintiff's Complaint, that they violated the law, and that they are liable under the law, and asserting numerous defenses to Plaintiff's claims, including but not limited to the individual Defendants not being proper parties to the action, that Plaintiff and all others were properly paid in accordance with all applicable laws, that the putative class members rarely, if ever, worked close to or over forty (40) hours in a workweek, that there could be no minimum wage violations, that Plaintiff and the putative class members are not similarly situated, and various exemptions from and exceptions to the requirements of the FLSA and Missouri State wage and hour laws.

3. On or about November 23, 2019, the Parties were able to negotiate an arm's-length, final, fair, and adequate resolution of all of the claims of Plaintiff's and the putative class members' alleged unpaid wages, including but not limited to minimum and overtime wages, liquidated damages, attorneys' fees and costs, subject to judicial approval. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div*., 679 F.2d 1350, 1353 (11th Cir. 1982).

4. Resolution was achieved only after the formal and informal exchange of a significant amount of relevant data between the Parties, thorough exploration of the strength and weaknesses of the Parties' respective positions, and two separate and lengthy mediations, with experienced mediators Honorable Robert Schieber and John Phillips, during which the Parties

2

vigorously defended their respective positions, and an additional five weeks of negotiations, with the assistance of John Phillips, following the second mediation.

5. Despite the fact that Defendants adamantly deny any violation of law or wrongdoing, they recognize the inherent risks and uncertainties associated with litigation, the significant expense associated with defending a potential collective and class action, the costs of any potential appeal, the continued disruption to the business operations and the Individual Defendants' lives, and the negative public attention of a lawsuit. As part of the resolution of the claims in this action, the Parties specifically negotiated and agreed that the settling parties will keep the terms and conditions of the Settlement Agreement and the specifics of the settlement of the claims confidential, if approved by the Court, and that the Defendants will seek approval from the Court to file the settlement documents under seal to try to ensure that the settlement and its terms remain confidential and not part of the public record.[1] Defendants believe that keeping the terms of the settlement confidential and not part of the public record is imperative in this case.

6. Defendants now respectfully request, as part of the terms of the negotiated settlement between the Parties, that Plaintiff's Motion for Approval of Settlement, including but not limited to the Settlement Agreement and its attachments, and related settlement documents, be filed and remain under seal. Defendants state that sealing these documents is necessary in this action.

---

[1] Pursuant to the terms of the Settlement Agreement, *if* the Court denies the Defendants' request to file the settlement documents under seal, the Defendants will request that the Court review the Settlement Agreement *in camera* and/or allow redaction of all monetary terms and amounts from the settlement documents submitted to the Court. Defendants reserve the right to request the aforementioned in the event the Court denies this Motion and specifically include this footnote to respectfully highlight that it is their request that the Court permit the aforementioned relief if it denies this Motion. Defendants will submit a separate motion requesting this relief if the Court denies this Motion.

7. Many times, confidentiality is the driving factor in a defendant's decision to settle rather than proceed with litigation. If a settlement's confidentiality cannot be maintained, a primary incentive for defendants to resolve claims may simply evaporate. In the instant case, Defendants expressly deny any and all liability, and have agreed to the settlement solely for the purposes of ending the litigation and avoiding further expenses and disruption to The Station's business operations and the Individual Defendants' lives.

8. Settlement agreements between parties are ordinarily confidential, and only a stipulation of dismissal is filed with the court. Pursuant to the requirements of the FLSA, however, the terms and conditions of an FLSA settlement must be approved by the court to effectuate a valid waiver of claims. The requisite judicial oversight of the Parties' FLSA settlement does not, however, require that the detailed terms of the settlement become public. In fact, confidentiality of the terms of the Parties' settlement and the Settlement Agreement itself furthers several important interests, including encouraging settlement, avoiding copycat litigation, conserving judicial and litigant resources, and protecting the Parties' privacy and/or business interests.

9. In the FLSA context, Defendants realize that their concern for confidentiality must be balanced against the general presumption of the common law of a right of the public to inspect and copy all judicial records and documents. However, in the instant case, the interests favoring confidentiality of the terms of the settlement support the sealing of Plaintiff's Motion for Approval of Settlement, including but not limited to the Settlement Agreement and its attachments, and related settlement documents. Specifically, there are several significant considerations present here which outweigh the general public's possible interest in access to Plaintiff's Motion for Approval of Settlement, including but not limited to the Settlement Agreement and its attachments, and related settlement documents such that this Motion should be granted.

10. As an initial matter, no Party or class member will be prejudiced by the sealing of the settlement documents, as all documents will be provided to the Court for review and made available to putative class members by the Settlement Administrator. Furthermore, every putative class member will receive individual direct mail notice of the settlement in a form to be approved by the Court in which the terms of the settlement will be thoroughly explained, they will have the ability to contact the Settlement Administrator and Plaintiff's counsel with questions or concerns, and the putative class members will have access to the settlement documents should they desire to review them in their entirety.

11. Secondly, the settlement is a 216(b) collective action settlement, not a Rule 23 settlement. As such, putative class members will neither waive their rights, nor will they be bound by the settlement unless they choose to opt-in. If potential putative class members are dissatisfied with the settlement, they can decide not to opt-in.

12. Thirdly, it was specifically negotiated that Defendants be permitted to request that the Court allow the settlement, including all related terms and documents, to be confidential and filed under seal, as Defendants believe that this of key importance and was a driving force in their decision to settle.

13. Fourthly, Defendants believe that public disclosure of the terms of the settlement and the settlement agreement would serve to encourage copycat litigation, unnecessarily resulting in the expenditure of litigant and judicial resources. More specifically, Defendants respectfully state that publication of the settlement details would adversely impact Defendants, who/that have a very real interest in protecting against the possibility of frivolous litigation filed by individuals who might view the published settlement agreement as an open invitation to file groundless lawsuits in the hope of extracting a similar settlement from Defendants. This is particularly true

and of importance here because the Individual Defendants were named as parties to this action in their respective individual capacities and, as such, any information concerning amounts paid in the case could cause them significant personal and financial harm and will provide the public with their confidential and private financial information and with information that will be assumed to shed insight on their personal financial status.

14. Fifthly, Defendants respectfully assert that public disclosure of the settlement and the settlement agreement also would result in the unnecessary publication of confidential financial information of the Named Plaintiff and those who opt-in, thereby invading their privacy. Defendants state that if the settlement agreement and/or terms were available on PACER, it would only be a matter of hours before it could be widely disseminated via the internet. Defendants believe this poses a problem for Named Plaintiff and those who opt-in, and that sealing the settlement will prevent the public from knowing that Named Plaintiff and those who opt-in recently received or will receive a sum of money from Defendants thereby protecting them from such disclosure.

15. Finally, public disclosure of the settlement amounts will allow competitors of The Station to obtain knowledge of its pay structures and finances, causing the company harm in a competitive industry where it is difficult to attract and retain a workforce and to maintain a small competitive business.

16. The specific terms of the settlement and the amount of the settlement fund and payments to be made by Defendants to those who opt-in are necessary only for the Court's determination that the terms of the settlement are fair and reasonable and adequately protect the rights of the class. The specific details of the settlement and settlement agreement and the amount of the payments are not material to any matter of public interest.

17. Indeed, the public has no meaningful or substantial interest in knowing the specific terms of the settlement and the Settlement Agreement. The release of the settlement details will not result in an enhanced public understanding of any issues of public concern. This is particularly true here when weighed against the harm to the Individual Defendants personally and to The Station of disclosure of the terms of the settlement.

18. The Western District of Missouri has previously granted motions to seal/review *in camera* wage and hour settlement agreements, and Defendants respectfully request that the Court to do so here. *See Quinlan, et al v. XPO Logistics, Inc. et al*, 4:17-cv-00186-FJG, Dkt. 70 (W.D. Mo. September 12, 2018) (granting motion to file FLSA settlement under seal); *Stagner v. Hulcher Services, Inc.*, 4:16-cv-01036-FJG, Dkt. 118 (W.D. Mo. August 1, 2018) (granting motion to file FLSA settlement under seal); *Pearce v. ECCO Select Corporation*, 4:16-cv-01051-DW, Dkt. No. 30 (W.D. Mo. September 25, 2017) (granting motion to file FLSA settlement under seal); *Taylor v. Cerner Corp*, 4:16-cv-00434–DW, Dkt. No. 31 (W.D. Mo. Dec. 6, 2016) (granting motion to file FLSA settlement under seal); *Lytle v. St. Joseph Medical Center*, No. 10-CV-00726-W-FJG, Dkt. No. 22 (W.D. Mo. Dec. 5, 2011) (sealing FLSA settlement agreement); *James McKinzie, Jr. v. Westlake Hardware, Inc.,* Case No. 09-00796-CV-W-FJG, Dkt. No. 125 (W.D. Mo. Feb. 8, 2011) (same).

19. Furthermore, numerous other courts have also granted motions to file wage and hour and other types of class action settlement agreements and related documents under seal and/or to conduct an *in camera* review. *See Morgan, et al. v. Howard F. Wunderlich*, No. 3:05CV00073 (S.D. Ohio April 30, 2017) (sealing settlement documents in Rule 23 investment class action); *Collins, et al. v. Veolia ES Industrial Services, Inc.*, No. 4:15-cv-00743-AGF, Dkt. No. 34 (E.D. Mo. March 10, 2016) (approving filing of settlement agreement under seal); *Brown v. Reddy ICE*

*Corp.*, No. 4:14CV1786RLW, 2016 WL 2930933, at *4 (E.D. Mo. May 19, 2016); *Revels v. Dex One Services, Inc.*, No. 12-02510-CM-DJW, Dkt. No. 27 (D. Kan. May 16, 2013); *Timothy Blotzer, et al., v. L-3 Communications Corp.*, No CV-11-274 (TUC-JGZ), Dkt. No. 85 (D. Ariz. Mar. 6, 2013); *Spears, et al., v. Mid-America Waffles, Inc.*, Case No. 11-CV-02273-CM-JPO, Dkt. No. 141 (D. Kan. Jan. 24, 2013); *Frederick E. Schaaf v. Woody's Enterprises Ltd.*, No. CV 12-01119 (PHX-FJM), Dkt. 19 (D. Ariz. Jan. 18, 2013); *Cathy Patzke, et al., v. American Express Travel Related Services Company, Inc.*, No. CV2010-00276 (PHX-SRB), Dkt. No. 72 (D. Ariz. Mar. 24, 2011); *Medley v. American Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 n.1 (S.D. N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal."); *Browne v. Terminix International Co., L.P.*, Case No. 1:09-CV-689 (CMH/TRC) (E.D. Va. May 21, 2010) (FLSA settlement agreement reviewed and approved under seal to preserve confidentiality); *Dillworth v. Case Farms Processing, Inc.*, No. 08-CV-1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (proposed settlement agreement was filed under seal); *Almodova v. City and County of Honolulu*, Civil No. 07–00378 DAE–LEK, 2010 WL 1372298 (D. Hawaii Mar. 31, 2010) (recommending judicial approval of an FLSA settlement in which the list of plaintiffs who signed a settlement agreement and the amount offered them were filed under seal); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, *2 (N.D. Ohio 2010) (proposed settlement agreement was filed under seal); *King v. Wells Fargo Home Mortgage*, No. 2:08–CV–307–FtM–29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (noting that "the Settlement Agreement and General Release, filed under seal, is approved as fair and reasonable"); *Trinh v. JPMorgan Chase & Co.*, No. 07–CV–01666 W(WMC), 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009) (noting that the court determined that the settlement was fair and reasonable after an *in camera* review); *Freyre v. Tin Wai Hui DMD, P.A.*, No. 08–22810–CIV, 2009 WL 89283, at *1

(S.D. Fla. Jan. 13, 2009) (same); *Goudie v. Cable Commc'ns, Inc.*, CV. No. 08–507–AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009) (same); *Perez v. Carey Int'l, Inc.*, No. 06–22225–CIV, 2008 WL 4490750, at *6 (S.D. Fla. Sept. 26, 2008) (remarking that "[c]onfidentiality is often an important element in successful settlements" with respect to settlement discussions and recounting that the court conducted an *in camera* review of the settlement agreements); *Flinders v. Workforce Stabilization Plan of Phillips Petroleum Co., et al.*, Civil No. 2:04CV 00541, Dkt. No. 112 (D. Utah Nov. 29, 2007) (sealing settlement documents in Rule 23 ERISA class action).

20. Pursuant to the District's ECF rules and procedures regarding filing of sealed documents, Defendants are hereby filing this Motion for leave to file the settlement documents under seal and concurrent with the filing of this Motion will email the Motion for Approval of Settlement, including but not limited to the Settlement Agreement and its attachments, and a proposed order granting leave to file the same under seal to Tracy_Strodtman@mow.uscourts.gov.

WHEREFORE, the Defendants respectfully request that this Court issue an order allowing the filing of the Motion for Approval of Settlement, including but not limited to the Settlement Agreement and its attachments, and related settlement documents under seal with the Court, so that the Court may consider the Settlement Agreement and approval of the Parties' FLSA settlement and the Plaintiff's Motion for Approval of Settlement, including but not limited to the Settlement Agreement and its attachments, and related settlement documents, remain under seal.

Respectfully submitted this 30th day of January, 2020.

**CONSTANGY, BROOKS, SMITH  
& PROPHETE LLP**

/s/ *Heather M. Lake*
Heather Lake, Mo # 53169
John F. Doyle, MO # 66626
2600 Grand Boulevard, Suite 750
Kansas City, MO  64108-4600
816-329-5915 telephone
816-256-5535 facsimile
hlake@constangy.com
jfdoyle@constangy.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 30th day of January, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ *Heather M. Lake*